UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GEORGE L. CARTER III, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) NO. 3:19-cv-00856 |
| DEPARTMENT OF CHILDREN SERVICES, et al., | ) ) ) ) |
|     Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

George L. Carter III, a Tennessee resident, filed a *pro se* complaint against the Foster Care Division of the Department of Children's Services ("DCS"), the Davidson County Juvenile Court, and DCS employee Keisha Foster. (Doc. No. 1 at 2.) Plaintiff also filed an application to proceed in this Court without prepaying fees and costs. (Doc. No. 2.)

### I.     Application to Proceed as a Pauper

The Court may authorize a person to file a civil suit without paying the filing fee. 28 U.S.C. § 1915(a). Because it appears from Plaintiff's *in forma pauperis* application that he cannot pay the full $400.00 filing fee in advance, the application (Doc. No. 2) will be granted.

### II.    Initial Review

The Court must dismiss any case filed *in forma pauperis* if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court must construe a *pro se* complaint liberally, United States v. Smotherman, 838 F.3d 736, 739 (6th Cir. 2016) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)), and accept the factual allegations

as true unless they are entirely without credibility. Thomas v. Eby, 481 F.3d 434, 437 (6th Cir. 2007) (citing Denton v. Hernandez, 504 U.S. 25, 33 (1992)).

### A. Factual Allegations

Plaintiff's handwriting is difficult to read and his narrative account of the facts underlying his claims is difficult to follow. Liberally construing the Complaint and drawing the necessary reasonable inferences, however, the Court has established the following summary of factual allegations for the purpose of conducting an initial review.

Plaintiff has two granddaughters. (Doc. No. 1 at 3–4.) To protect their privacy, the Court will refer to the younger as Granddaughter A, and the older as Granddaughter B. Plaintiff has custody of Granddaughter B (Doc. No. 2 at 5), and his allegations primarily concern his ongoing efforts to gain custody of Granddaughter A. He alleges that he has been "fighting for her since the day she was born." (Id. at 3.) The Davidson County Juvenile Court told Plaintiff that he could not have custody of Granddaughter A if there were not any DNA test results confirming that she was related to Plaintiff's son. (Id.) Plaintiff's son took three DNA tests, but DCS claimed at various points that the results of these tests were lost. (Id.) Plaintiff alleges that DCS intentionally lost these results to buy time for Carolyn Newlin, a foster mom, to file for custody of Granddaughter A. (Id. at 3–4.) Shortly before Granddaughter A's first birthday, however, "it was confirmed [that] she belonged to [Plaintiff's] son." (Id. at 4.)

At that point, a DCS Magistrate allowed Plaintiff to keep Granddaughter A for eight hours without supervision, once a week for four weeks. (Id.) The Magistrate then gave Plaintiff custody for a 90-day probation period beginning on August 1, 2017. (Id.) Two weeks in, Plaintiff received a "dependent and neglect petition" ("Petition") regarding Granddaughter A. (Id.) This Petition was difficult for Plaintiff to answer because he lives 40 miles from Nashville. (Id.) About a month later,

2

Plaintiff received another Petition regarding Granddaughter B. (Id.) These two Petitions resulted in the Davidson County Juvenile Court appointing a guardian ad litem for both Granddaughter A and Granddaughter B. (Id. at 4–5.)

At mediation in March 2018, Newlin and Newlin's lawyer suggested that they would "drop the Petition" on Granddaughter B if Plaintiff would "drop the appeal" on Granddaughter A. (Id. at 7.) Plaintiff rejected this proposition. (Id.) Since then, the guardian ad litem has been trying to take custody of Granddaughter B from Plaintiff and intimidate him. (Id. at 6–7.) At the time Plaintiff filed this action, he had custody of Granddaughter B and Granddaughter A visited him every other weekend, although Newlin stopped Granddaughter A's visits five times. (Doc. No. 2 at 5.)

Meanwhile, Plaintiff alleges that his wife was continually "badgered" by Newlin's lawyer and the guardian ad litem. (Doc. No. 1 at 5.) Plaintiff's wife started having serious health problems in March 2018 that continued through December 2018, when Plaintiff's wife was told that she would be put in jail if she did not come to court. (Id.) On December 5, the day Plaintiff brought his wife to court, the temperature was in the teens. (Id.) He alleges that the ongoing badgering from the lawyer and guardian ad litem, as well as the difficulty of attending court that day, caused his wife's death on December 7, 2018. (Id.; Doc. No. 2 at 5.)

### B. Standard of Review

To determine whether a complaint "fails to state a claim on which relief may be granted" under 28 U.S.C. § 1915(e)(2)(B), the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S.

662, 681 (2009)). An assumption of truth does not extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson, 551 U.S. at 94 (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

      **C.**    **Discussion**

This action is subject to dismissal for two reasons. First, Plaintiff initiated this action by filing the form complaint non-prisoners may use to assert violations of their civil rights. (Doc. No. 1 at 1.) But the page of the form for specifying the basis for this Court's jurisdiction is missing, and Plaintiff does not specify what claims he is attempting to assert at any point in the Complaint. Although the Court holds *pro se* complaints to a "less stringent standard" than pleadings prepared by attorneys, "[a] failure to identify a right, privilege or immunity that was violated merits dismissal of the cause of action for failure to state a claim upon which relief can be granted." Perry v. United Parcel Serv., 90 F. App'x 860, 861 (6th Cir. 2004) (citing Codd v. Brown, 949 F.2d 879, 882 (6th Cir. 1991)). This action is subject to dismissal for this reason alone.

Second, while Plaintiff does not assert any specific claims, the crux of the Complaint is a challenge to child custody proceedings in the Davidson County Juvenile Court. "Federal courts are courts of limited jurisdiction." Home Depot U.S.A., Inc. v. Jackson, 139 S. Ct. 1743, 1746 (2019) (quoting Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994)). Under the "domestic relations exception" to federal jurisdiction, this Court is precluded "from hearing cases that 'involv[e] the issuance of a divorce, alimony, or child custody decree.'" Alexander v. Rosen, 804 F.3d 1203, 1205 (6th Cir. 2015) (quoting Ankenbrandt v. Richards, 504 U.S. 689, 704 (1992)). This exception applies only to cases where "a plaintiff positively sues in federal court for divorce,

4

alimony, or child custody, or seeks to modify or interpret an existing divorce, alimony, or child-custody decree." Id. (quoting Chevalier v. Estate of Barnhart, 803 F.3d 789, 797 (6th Cir. 2015)).

"When analyzing the applicability of the domestic-relations exception, [the Court] must focus on the remedy that the plaintiff seeks." Chevalier, 803 F.3d at 797 (citing Catz v. Chalker, 142 F.3d 279, 292 (6th Cir. 1998), overruled on other grounds by Coles v. Granville, 448 F.3d 853, 859 n.1 (6th Cir. 2006)). Here, rather than some specific remedy, Plaintiff simply requests the Court's "help." (Doc. No. 1 at 7.) Based on the substance of the Complaint, the Court understands this to be a request for a favorable determination of "who should have care for and control" Plaintiff's granddaughters. See Chevalier, 803 F.3d at 797 (citing Catz, 142 F.3d at 292). As the Sixth Circuit has explained, however, such a request is "outside the jurisdiction of the federal courts." Id. (citing Catz, 142 F.3d at 292). In the absence of jurisdiction, the Court will dismiss this action without prejudice.

## III. Conclusion

For these reasons, Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is **GRANTED** and this action is **DIMISSED** without prejudice.

For the same reasons that the Court dismisses this action, the Court **CERTIFIES** that any appeal in this matter would not be taken in good faith. 28 U.S.C. § 1915(a)(3). The Court, therefore, will not grant Plaintiff leave to proceed *in forma pauperis* on any appeal.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE